STATE, DAVID W. KING, PROSECUTOR, v. RENNE B. MAN-
NING, COLLECTOR, &c.

1. Deduction for mortgage, or debt secured thereby, shall be claimed by
   the owner of the assessor of the township wherein the lands in the
   mortgage described are situate, and must be allowed when the mort-
   gagee is a resident of this state.
2. Where there is no delay in prosecuting a writ of *certiorari* after its.
   allowance, it will be presumed that the court in allowing the writ con-
   sidered the importance of the questions raised in connection with
   alleged delay in the application, and having passed upon it the writ
   will not be dismissed for that cause at the hearing.

On *certiorari*.     In matter of taxation.

The prosecutor lived in Bernards township, Somerset
county, and owned a farm in Piscataway township, Middlesex
county, which was assessed in 1876 at $10,000. There was
a mortgage on it held by John V. Veghte, of the township
of Hillsborough, Somerset county, for $9000.

August 11th, 1876, the prosecutor claimed a deduction of
said mortgage from his assessment on the farm by affidavit
delivered to the assessor of Piscataway township, giving the
residence and post-office address of the mortgagee. He after-
wards received from the collector the usual tax notice, stating
the amount of assessment on the land ($10,000) without
deduction for the mortgage debt, and having also attached a
notice of the meeting of the commissioners of appeal in cases
of taxation on the fourth Tuesday of November following.
At the time named in the notice he appeared before the com-
missioners, and on similar affidavits of mortgage indebtedness
made like claim for deduction, which was refused. He paid
to the collector the tax on $1000, the valuation of the farm
in excess of the mortgage, declined to pay the balance, and
proceedings were taken to collect the same, when the writ of
*certiorari* was allowed by this court to review the assessment.

Argued at June Term, 1878, before Justice SCUDDER.

For the plaintiff, *A. A. Clark* and *John Schomp*.

For the defendant, *A. V. Schenck*.

SCUDDER, J.   The points in controversy have been recently decided in this court, and a brief reference only to the cases will be required for their determination.   This reduction is demanded under the act of April 17th, 1876.   *Rev., p.* 1163. The claim was properly made by affidavit to the assessor of taxes in and for the township wherein the lands described in the mortgage are situate.   The creditor being a resident of this state, the deduction from the assessment on the farm should have been made.   *State, Cummins, pros.,* v. *Jones, ante p.* 105.

It was further objected that the claim was made too late, because that by an act approved March 25th, 1875, (*Pamph. L., p.* 384,) the assessors of the several townships in Middlesex county were required to make and finish their assessments required by law between the 15th day of April and the 15th day of June, and meet as a board of assessors on the last Tuesday in June in each and every year.   The demand for deduction was not made until August 11th, 1876, after the annual meeting of the board.

By the general tax law, approved April 11th, 1867, (*Rev., p.* 1160, § 92,) the assessors shall make their assessments on or before the third Monday in August in each year, and the township committee (§ 91) shall meet on the third Tuesday in August of each year, to revise and correct the duplicate of assessment.   The notice was given in time under this law, and the question is, which law was then in force in Piscataway township?

*State, North Ward National Bank, pros.,* v. *Newark,* 10 *Vroom* 380, construes section twelve of the amendments of 1875 to the constitution of this state, as repealing and forbid-

ding all special laws assessing property, which "shall be assessed for taxes under general laws, and by uniform rules, according to its true value."

The general law, created for all the townships of the state, must be the law of the township in the county of Middlesex, and this later special law relating to them only, did not replace or repeal the general law then in force. The demand for deduction of the amount of the mortgage was made in due time, and in proper form under the general law of 1867.

The delay, which is further assigned as a reason for reversal, was in suing out the writ, which was obtained as soon as the collector made it evident that the tax would be enforced by sale of the prosecutor's property. Since the allowance of the writ the cause has been brought to a hearing promptly at the first term of this court, and should not now be dismissed for laches. It is fair to presume that the court, in allowing the writ, considered the importance of the questions raised in connection with the delay, and having then passed upon them, the writ will now be retained.

The balance of tax for the amount of the mortgage, which is unpaid, will be set aside.